UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MALIBU BOATS, LLC,                )
                                  )
        Plaintiff,                )
                                  )
v.                                ) No.: 3:14-CV-152-PLR-CCS
                                  )
MARINE POWER HOLDING, LLC,        )
                                  )
        Defendant.                )

# MEMORANDUM OPINION

Plaintiff, Malibu Boats, LLC, manufactures boats used for water sports. Defendant Marine Power Holding, LLC, builds engines utilized in sport boats. In 2013, the parties entered into a business relationship whereby Marine supplied engines for installation in boats manufactured by Malibu. The business relationship between the parties did not go well and was ultimately terminated. Malibu filed the instant litigation; Marine filed a similar action in Louisiana; and later, Marine filed a second action in Louisiana. This matter is before the court on various motions filed by the parties: (1) Malibu's motion to enjoin Marine from maintaining the later-filed lawsuit in the Eastern District of Louisiana [R. 4]; (2) Marine's motion to dismiss for improper venue or in the alternative, to transfer the instant suit to the Eastern District of Louisiana [R. 15]; (3) Malibu's motion to amend/revise

complaint [R. 41]; (4) Marine's motion to withdraw or stay the court's scheduling order [R. 48]; and (5) Malibu's motion for oral argument [R. 49].

The court has thoroughly considered the arguments of the parties, the voluminous record produced by the parties, and the controlling law. For the reasons which follow, Malibu's motion to enjoin Marine from maintaining the later-filed lawsuit in the Eastern District of Louisiana will be denied; and Marine's motion to dismiss the instant suit will be granted.

## I. Background

Malibu is a Tennessee and Delaware company that manufactures and sells sport boats. Marine is a Louisiana company that designs, manufactures, and sells engines for sport boats. In 2013, Malibu and Marine entered into an agreement for Malibu to purchase engines for its boats from Marine.

There are currently three lawsuits pending between Malibu and Marine. The first two lawsuits concern a purchase order (557 PO) for 571 engines, and the third lawsuit concerns a warranty on LS3 engines. The 557 PO was not for LS3 engines.

On April 15, 2014, Malibu filed the instant action against Marine, seeking a declaratory judgment that its purported cancellation of the 557 PO was proper. Then, on April 22, 2014, Marine filed an action against Malibu in the Eastern District of Louisiana for breach of contract, bad faith breach of contract, and detrimental reliance. Both of these lawsuits concern the 557 PO. District Judge Africk of the Eastern District of Louisiana transferred the Louisiana case to this

2

court under the "first to file" rule. He found that the two cases might substantially overlap, requiring transfer. He also noted that he expressed no opinion as to which case should proceed or as to where venue was proper, leaving the issue of venue for this court to decide.

Marine filed the third lawsuit in the Eastern District of Louisiana concerning a warranty on LS3 engines. Dealers of Malibu's boats contacted Marine about the failure of eight LS3 engines. Marine believes that the engines failed due to a design defect in Malibu's boats. Malibu disagrees and claims that it has no responsibility for the failure of the LS3 engines. Malibu moved to dismiss the third lawsuit or transfer it to this court. District Judge Feldman found that the two sets of cases did not arise out of the same transaction or occurrence, nor did the cases raise the same legal or factual issues. The issues raised in the third action are whether the cause of the failures of the LS3 engines is a design defect by Marine Power as to the engines, or by Malibu as to the design of the boats, and whether Marine's warranty covers the failure of the engines. Judge Feldman noted that the issues in the cases pending in Tennessee are whether Marine or Malibu breached the 557 PO and whether Malibu acted properly in cancelling that purchase order. Judge Feldman denied Malibu's motion to dismiss the third action or to transfer the action to Tennessee.

On October 29, 2014, Malibu moved to amend its complaint to include assertions concerning the LS3 warranty at issue in the Louisiana litigation.

Malibu moves the court to enjoin Marine from pursuing a lawsuit concerning the 557 PO in the Eastern District of Louisiana. Malibu states that the actions

3

involve the same parties, the same subject matter, and issues relating to the 557 PO. Malibu asserts that no basis exists for avoiding the application of the first-to-file rule; therefore, Marine should be enjoined from pursuing its later-filed lawsuit in the Eastern District of Louisiana.

Marine responds this court should decline to exercise jurisdiction over this action under the Declaratory Judgment Act because Malibu's complaint is merely a preemptive, anticipatory proceeding, and there is a parallel proceeding, with all necessary claims and parties, pending in a more appropriate forum, the Eastern District of Louisiana.

The court will first address Malibu's motion to enjoin Marine from maintaining a later-filed lawsuit in the Eastern District of Louisiana and Marine's motion to dismiss for improper venue.

## II. Analysis

### A. First-To-File Doctrine

Malibu argues that the first-to-file rule favors this court exercising jurisdiction over its declaratory judgment action, while Marine contends that this matter falls within an exception to this general rule. The Sixth Circuit has stated:

> The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment.

*Zide Sport Shop of Ohio, Inc. v. Ed Toberqte Assocs. Inc.,* 16 Fed.Appx. 433, 437 (6th Cir. 2001). However, district courts have discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does not have an absolute right to bring a declaratory judgment action in the forum of his choosing, and factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. *Id.*

Further, the first-to-file rule "is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory action." *AmSouth Bank v. Dale,* 386 F.3d 763, 791, n. 8 (6th Cir. 2004). In fact, cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first-filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit. *Id.* Moreover, this exception to the first-to-file rule will be applied where the parties and issues are the same, or essentially so, and it appears that the first filed suit was brought in anticipation of a suit by the substantive plaintiff. *UAW v. Dana Corp.,* 1999 WL 33237054 at *6 (N.D.Ohio 1999).

The court finds that this presumption in favor of discarding the first-to-file rule applies in this case. This finding is bolstered by the court's determinations that Malibu engaged in forum shopping and procedural fencing and that Marine's action filed in Louisiana would be a more effective and useful avenue for resolving the

5

parties' dispute. The record shows that the parties were engaged in negotiations regarding the 557 PO, when Malibu chose to simultaneously reject a delivery of 26 engines, terminate the 557 PO, and file suit seeking a declaratory judgment as to the termination, all on the same day. Malibu misled Marine into believing the parties were engaged in meaningful negotiations on the 557 PO. Malibu was aware that if it cancelled the 557 PO, Marine would seek costs and losses resulting from the cancellation. In the instant action, Malibu requests a declaratory judgment that it properly cancelled the 557 PO and that it bears no obligation to Marine under the contract. It is clear to the court that anticipating a lawsuit from Marine, Malibu took its own preemptive measures to gain the forum of its choosing with a declaratory judgment suit. Applying the first-to-file rule in this case would run contrary to the federal policy in favor of settlement. *See Hanson PLC v. Metro-Goldwyn-Mayer Inc.,* 932 F.Supp. 104, 107-08 (S.D.N.Y. 1996) (declining to apply the first-to-file rule because, among other things, "allowing this action to proceed would discourage potential plaintiffs from initiating settlement discussions prior to filing suit").

The court acknowledges that the three-part test normally used in determining whether to apply the first-to-file rule counsels in favor of exercising jurisdiction over this action, given that Malibu's declaratory judgment action was filed first and involves the same parties and similar issues as the Louisiana action. Yet, the case law makes clear that when faced with a declaratory judgment action and a

6

substantive suit concerning the underlying issues, the presumption is in favor of dismissing or staying the declaratory action. Thus, the instant matter presents an exception to the general case that would be evaluated under the three-part test. Moreover, exercising jurisdiction over this action would create a distinct possibility of piecemeal disposition of the dispute between the parties, given Marine's additional claims in the Louisiana action. *See SNMP Research Inc. v. Avaya Inc.,* 2013 WL 474846 at *5 (E.D.Tenn. 2013). Clearly, it would be a waste of judicial resources to litigate this dispute in more than one forum, and more importantly, the question in these circumstances is not the order in which the actions were filed, but which action will better serve the needs and convenience of the parties. *Foundations Worldwide, Inc., v. Oliver & Tate Enterprises, Inc.,* 2013 WL 4054636 at *4 (N.D.Ohio 2013). Because this action will be dismissed, the court will, *sua sponte,* transfer Civil Case No. 3:14-cv-242 to the Eastern District of Louisiana for the convenience of the parties.

### III. Conclusion

In light of the foregoing discussion, the court declines to apply the first-to-file rule in this case and will decline to exercise jurisdiction over this action. The court finds Marine's motion to dismiss well taken, and it will be granted.

The court has considered the other arguments of the parties and finds them to be unnecessary to address in light of the court's present disposition of this case.

7

Accordingly,

1. Marine's motion to dismiss this action [R. 15] is **GRANTED.**

2. Malibu's motion to enjoin Marine from maintaining the later-filed lawsuit in the Eastern District of Louisiana [R. 4] is **DENIED.**

3. Malibu's motion to amend/revise complaint [R.41] is **DENIED**.

4. Marine's motion to withdraw or stay the court's scheduling order [R.48] is **DENIED as moot.**

5. Malibu's motion for oral argument [R.49] is **DENIED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**